UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-6809 DSF (DTBx) | Date | 2/23/12 |
| Title | Engelbrecht v. JP Morgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion for Preliminary Injunction and DENYING Motion for Expedited Discovery (Docket No. 22) and DENYING Ex Parte Motion to Appear by Telephone As Moot (Docket No. 24)

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff claims that in October 2006 he obtained a purchase money mortgage and a home equity line of credit (HELOC) from Washington Mutual Bank (WAMU) in conjunction with the purchase of property. (Engelbrecht Decl. in Supp. of Mot. (Engelbrecht Decl.) ¶ 2.) Plaintiff states that both loans were necessary to cover the purchase price of the property. (Id. ¶ 3.) In 2008, Plaintiff defaulted on the loans, and WAMU sold the property at a Trustee's sale. (Id. ¶¶ 4, 8.) On September 25, 2008, nine days after the Trustee's sale, WAMU was seized and put into receivership by the Federal Deposit Insurance Corporation (FDIC). (Id. ¶ 9.) All of WAMU's banking assets were sold to Defendant JP Morgan Chase. (Id. ¶ 10.) Beginning in December 2009, Defendant, through a collection agency, tried to collect the balance due on Plaintiff's HELOC. (Id. ¶ 11; Mot. Ex. 2; Engelbrecht Decl. in Supp. of Reply (Reply Decl.) ¶ 4.) Plaintiff alleges that the collection agency resigned, but that Defendant continues to attempt to collect the deficiency. (Engelbrecht Decl. ¶ 11; Reply Decl. ¶ 8.)

Plaintiff claims Defendant cannot collect the balance due on the HELOC because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

this conduct violates California's Consumers Legal Remedies Act (CLRA), (Engelbrecht Decl. ¶ 12), and is barred by California's anti-deficiency statutes, see Cal. Code Civ. Proc. § 580b, (Mot. at 11-12). Plaintiff also claims that Defendant violated federal and state credit reporting acts by reporting the "illegal" debt to credit reporting agencies. (Mot. at 9-10.) Plaintiff seeks a declaration that Defendant cannot collect on the HELOC, a preliminary injunction barring Defendant from reporting the debt to credit reporting agencies, and expedited discovery. He claims that, as a result of his negative credit reports, he will likely be fired from his job and be unable to find employment. (Engelbrecht Decl. ¶ 17.)

After filing the motion for a preliminary injunction, Plaintiff filed a First Amended Complaint (FAC). (Docket No. 30.) The parties stipulated to continue the hearing on the preliminary injunction "to allow sufficient time for Defendant to prepare an Opposition to the Motion in light of the FAC," (Docket No. 25), and the Court continued the hearing accordingly, (Docket No. 29). Although the Court set a deadline for the Opposition that would enable Defendant to respond to the FAC's claims, Defendant failed to file any such Opposition.[1]

## II. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011). Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135 (internal quotation marks omitted).

---

[1] Prior to the Court's approval of the stipulation, Defendant filed an Opposition responding to the claims in the original Complaint. (Docket No. 27.) It failed to file an Opposition to the FAC despite being given almost four weeks to do so. Instead, it erroneously contended that the FAC rendered the injunction request moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

## III.  DISCUSSION

### A.  Plaintiff's Showing of Success on the Merits

The Court concludes that Plaintiff has established a likelihood of success on – or at least serious questions going to the merits of – his claims.  The basis for all of the causes of action in the FAC is Plaintiff's claim that Defendant is not entitled to collect the balance due on the HELOC.  Plaintiff argues that collection is barred by California's anti-deficiency statute.  Under California Code of Civil Procedure 580b,

> [n]o deficiency judgment shall lie in any event . . . under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

In several instances, California courts have held that loans qualify as purchase money transactions covered by § 580b where the loans are obtained to pay part of the purchase price of the property.  See Bargioni v. Hill, 59 Cal. 2d 121, 123 (1963) (holding that a third-party loan was subject to § 580b); Prunty v. Bank of Am., 37 Cal. App. 3d 430, 439, 442 (1974) (holding that a construction loan used to build a dwelling on property the mortgagor already owned was subject to § 580b); Union Bank v. Anderson, 232 Cal. App. 3d 941, 948 (1991) (citing Prunty, noting that the 1963 amendments to § 580b extended the statute's protection to mortgages on a "dwelling" given to "lenders," and explaining that including certain construction loans within the scope of § 580b "was likely aimed at eliminating the inequitable situation where the purchaser of real property with an existing house was protected by section 580b and the purchaser of real property who later built a house on the lot was not").  Plaintiff states in his declaration that the HELOC was in fact used to pay part of the purchase price.  (Engelbrecht Decl. ¶ 3.)  Defendant fails to challenge this fact and, indeed, fails to address this issue at all.  Absent contrary allegations from Defendant, the Court concludes that Plaintiff's explanation of the HELOC's origination is credible and must be accepted.  Given how HELOCs typically operate – with equity that a borrower already possesses serving as collateral – the most likely explanation for obtaining a HELOC *at the time of a purchase* would be that it was necessary to cover the purchase price.  Given that Defendant failed to contest the description of the transaction contained in Plaintiff's declaration, and given that Plaintiff's explanation – provided under penalty of perjury – is plausible, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

concludes that Plaintiff has at least raised serious questions going to the merits of his claims – even if it is not completely clear whether the HELOC is subject to § 580b under California case law.  See Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981) ("A party . . . is not required to prove his case in full at a preliminary-injunction hearing.").

**B.     Likelihood of Irreparable Injury**

Plaintiff declares that his job involves making financial presentations. (Engelbrecht Decl. ¶ 17.)  He swears that his employer has lost several financing opportunities due to Plaintiff's negative credit reports, and that the board of his company is threatening to fire him.  (Id.)  Furthermore, given his age, qualifications, and the state of the job market, Plaintiff states it is unlikely he will be able to obtain alternate employment.  (Id.)  That Plaintiff has actually been threatened with termination shows that he faces more than a mere possibility of irreparable harm.  See Winter, 555 U.S. at 22 (stating that a plaintiff must show that irreparable harm is likely, not merely that it is possible, in order to obtain injunctive relief).  Although the mere temporary loss of earnings may not constitute irreparable harm, see Sampson v. Murray, 415 U.S. 61, 89-90 (1974) (concluding that no irreparable harm had been shown where a probationary employee had been terminated and subsequently brought suit challenging her termination and requesting an injunction barring her termination), Plaintiff has shown far more than that here.  Plaintiff, who is currently employed, faces termination in an economy where his ability to find any employment – even in the field of his expertise – will be virtually nonexistent.  The prospect of extended unemployment – and the consequent challenge to secure day-to-day necessities such as food and shelter – far exceed a temporary, and ultimately recoverable, monetary injury, and therefore constitute irreparable harm.  Finally, although Defendant argues that the harm to Plaintiff was partially caused by Plaintiff's default, Plaintiff "need not . . . show that the action sought to be enjoined is the exclusive cause of the injury" in order to obtain injunctive relief.  M.R. v. Dreyfus, 663 F.3d 1100, 1110 (9th Cir. 2011).  Given the serious imminent harm facing Plaintiff, the Court concludes that Plaintiff has shown a likelihood of irreparable injury.

**C.     Balance of the Equities and Public Interest**

The Court finds that the balance of the equities tips sharply in Plaintiff's favor. Defendant is providing derogatory credit information to reporting agencies based on a debt that it is likely legally barred from collecting.  Moreover, the refusal to grant an injunction could cause Plaintiff to suffer the loss of his job under circumstances that will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

make it difficult for him to obtain another one.  On the other hand, granting the injunction is unlikely to cause Defendant any injury at all.  In suggesting that it will be harmed by an injunction, Defendant argues that it "had every right to report" Plaintiff's default.  (Def.'s Opp'n at 23.)  The Court finds that the virtually nonexistent harm to Defendant from enjoining its negative credit reporting is drastically outweighed by the harm Plaintiff will suffer if an injunction is denied.  Furthermore, the public interest is served by the enforcement of fair credit reporting laws – which seek to protect the consumer – and the public will not be harmed by a temporary restriction on Defendant's ability to report the debt Plaintiff allegedly owes.

In light of the Court's ruling, expedited discovery appears unnecessary.

## IV.  CONCLUSION

The Motion for Preliminary Injunction is GRANTED.  Defendant is ordered to cease any collection efforts on the HELOC, and to cease supplying any negative information based on the HELOC to credit reporting agencies.  The Motion for Expedited Discovery is DENIED.

Plaintiff's counsel's Ex Parte Motion to Appear Telephonically is DENIED as moot.

IT IS SO ORDERED.